UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY S. HILL,

           Plaintiff,                                      Case Number 21-12162

v.                                                            Honorable David M. Lawson

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

_____/

## ORDER DISMISSING ORDER TO SHOW CAUSE, SUBSTITUTING PARTIES, AND GRANTING MOTION FOR AWARD OF ATTORNEY FEES

On April 14, 2022, the Court issued an opinion and judgment remanding the case to the Commissioner for further administrative proceedings. On May 11, 2022, a notice of suggestion of death was filed indicated that plaintiff Wendy S. Hill died on April 17, 2022. After Ms. Hill died, plaintiff's counsel filed a motion for attorney's fees under the Equal Access to Justice Act. The Commissioner does not oppose that motion. Subsequently, a motion for substitution of parties was filed in which leave was sought to substitute the plaintiff's spouse, George Thomas Hill, in place of the deceased claimant. That motion was denied because the Court found that it did not sufficiently indicate that Mr. Hill possessed the proper legal capacity — e.g., as personal representative of the deceased's estate — to be substituted as the real party in interest.

The plaintiff took no further action in the case for some time, and the Court eventually ordered the plaintiff to show cause why the case should not be dismissed for failure to substitute a viable party in interest in place of the deceased claimant. When a party to a lawsuit dies, "and the claim is not extinguished," the Court may permit the substitution of "the proper party." Fed. R. Civ. P. 25(a)(1). Although "any party" may make the substitution motion, when the decedent is the plaintiff and the moving party seeks to continue the lawsuit, the motion generally must be made

"by the decedent's successor or representative." *Ibid.* All lawsuits must be brought or maintained by the real party in interest, and a decedent's spouse is not enumerated among the individuals who properly may be substituted in place of a real party in interest under Federal Rule of Civil Procedure 17(a)(1). *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator; (C) a guardian; (D) a bailee; (E) a trustee of an express trust; (F) a party with whom or in whose name a contract has been made for another's benefit; and (G) a party authorized by statute."). The Court therefore was unable previously to identify a basis in law for the substitution of the deceased plaintiff's spouse on her behalf to continue as the real party in interest in this benefits action.

The plaintiff filed a response to the order to show cause in which she points out that Federal Rule of Civil Procedure 17(a)(1)(G) permits "a party authorized by statute" to pursue an action in his or her own name, without joining the person for whose benefit the case is brought. Furthermore, under 20 C.F.R. § 404.503(b)(1), the Commissioner authorizes the "surviving spouse" of a benefits claimant to pursue a claim and collect benefits that were due but unpaid when a deceased claimant died. *See ibid.* ("If an individual who has been underpaid dies before receiving payment or negotiating a check or checks representing such payment, [the Commissioner] then will distribute any remaining underpayment to the living person (or persons) in the highest order of priority as follows: (1) The deceased individual's surviving spouse as defined in section 216(c), (g), or (h) of the Act who was either: (i) Living in the same household (as defined in § 404.347) with the deceased individual at the time of such individual's death, or (ii) Entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died.").

The plaintiff's spouse, George Thomas Hill, has attested that he was married to plaintiff Wendy S. Hill and lived in the same household with her when she died. He therefore is authorized by the applicable federal regulations to pursue the claim for benefits and collect any amounts due on her behalf. In similar circumstances, where a claimant has died intestate and without a formally administered estate, the Sixth Circuit has permitted the substitution of surviving kin enumerated in section 404.503(b) as real parties in interest for the purposes of proceedings on appeal and further administrative action on a benefit claim. *Cunningham v. Astrue*, 360 F. App'x 606, 612 (6th Cir. 2010) ("Given the statute and regulation defining the manner in which a social security claim survives death, 42 U.S.C. § 404(d)(7), 20 C.F.R. § 404.503(b)(7), . . . we conclude that John Cunningham's brother and sisters are 'personal representatives' within the meaning of Federal Rule of Appellate Procedure 43(a)(1) and are therefore properly substituted parties."). After reviewing those authorities, the Court is satisfied that the deceased plaintiff's spouse, George Thomas Hill, qualifies as a person who is "authorized by statute" to pursue and recover benefits due to Wendy Hill that were unpaid before her death. The Court therefore will permit the substitution of parties. The Court also will grant the plaintiff's motion for an award of attorney fees.

Accordingly, it is **ORDERED** that the order to show cause issued on November 7, 2022 is **DISMISSED**.

It is further **ORDERED** that George Thomas Hill, as surviving spouse of Wendy S. Hill, hereby is **SUBSTITUTED** in place of Wendy S. Hill as the real party in interest in this action, pursuant to Federal Rule of Civil Procedure 17(a)(1)(G) and 20 C.F.R. § 404.503(b)(1). The Clerk of Court shall amend the docket to so indicate.

It is further **ORDERED** that the plaintiff's motion and amended motion for attorney fees (ECF No. 25, 26) are **GRANTED**, and the plaintiff is awarded costs and attorney fees in the amount of $5,114 in full satisfaction of all claims by her in this matter for recovery of attorney fees and costs under the Equal Access to Justice Act.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: November 17, 2022